NOT DESIGNATED FOR PUBLICATION

No. 126,126

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERICK RAMON GUILLEN-SANCHEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; KRISTI COTT, judge. Opinion filed November 22, 2023. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2022 Supp. 21-6820(g) and (h).

Before CLINE, P.J., WARNER and PICKERING, JJ.

PER CURIAM: Erick Ramon Guillen-Sanchez appeals the district court's order revoking his probation and imposing his original prison sentence. Guillen-Sanchez moved for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2023 Kan. S. Ct. R. at 48), and we granted his motion. The State did not respond. Finding no error, we affirm the district court's judgment.

Guillen-Sanchez pled no contest to one count of possession of methamphetamine, in violation of K.S.A. 2016 Supp. 21-5706(a) and (c)(1), and to one count of possession of drug paraphernalia, in violation of K.S.A. 2016 Supp. 21-5709(b)(1) and (e)(2)(A). In

1

exchange for his plea, the State agreed to dismiss the remaining charges and recommend probation. On August 16, 2017, the district court sentenced Guillen-Sanchez to 28 months' imprisonment but granted probation for 18 months with drug treatment under K.S.A. 2016 Supp. 21-6824(b)—known as Senate Bill No. 123 drug treatment.

One year later, on August 15, 2018, the district court issued a bench warrant based on allegations that Guillen-Sanchez had violated the terms of his probation. The warrant was issued after Guillen-Sanchez' probation officer working in intensive supervision services moved to revoke his probation. His probation officer alleged that Guillen-Sanchez violated the terms of his probation by testing positive for methamphetamine and marijuana and by failing to report. Guillen-Sanchez admitted to the violations outlined by the probation officer. The district court ordered he serve a 3-day intermediate sanction and extended his probation for 12 months.

On February 28, 2019, after more allegations of failing to report and multiple confirmed and admitted positive tests for methamphetamine and marijuana, the probation officer moved to revoke Guillen-Sanchez' probation. At a probation violation disposition hearing six months later, the district court noted that Guillen-Sanchez admitted to violating his probation and the State charging him with a new criminal charge. Under a plea agreement for Guillen-Sanchez' newest criminal case, the parties agreed to recommend that he serve a 180-day prison sanction and extend his probation by 18 months. The district court imposed the sanction and ordered Guillen-Sanchez' probation extended upon his release.

At a probation hearing held on October 21, 2020, Guillen-Sanchez admitted to violating the terms of his probation by using methamphetamine. But due to the COVID pandemic, the district court did not order a jail sanction. And the following year, on November 12, 2021, the probation officer again moved to revoke Guillen-Sanchez' probation because he had stopped reporting and his "[c]urrent whereabouts" were

2

unknown. After many continuances, the court held a hearing on Guillen-Sanchez' 2021 probation violations. At that hearing, held on November 22, 2022, Guillen-Sanchez admitted to violating his probation terms as outlined by the probation officer, and the district court found that he had violated his probation.

At the violation disposition hearing on February 9, 2023, Guillen-Sanchez argued against the revocation of his probation and, instead, asked the district court to reinstate his probation after serving a 180-day sanction. In support of his argument, Guillen-Sanchez' girlfriend, and mother of his children, testified it would be very difficult to provide for their children if he was imprisoned. And Guillen-Sanchez testified to his future employment opportunities, while also explaining his reasons behind failing to report.

After hearing the parties' arguments and testimony, the district court revoked Guillen-Sanchez' probation, ordering him to serve his original 28-month sentence. Prior to revoking Guillen-Sanchez' probation, the district court reviewed his probation violation history and noted Guillen-Sanchez "just disappeared" despite the district court's repeated warnings to report.

Guillen-Sanchez appeals.

On appeal, Guillen-Sanchez concedes the district court possessed the statutory authority to revoke his probation and impose his original sentence because the district court had previously imposed a 3-day jail sanction and a 180-day prison sanction. See K.S.A. 2016 Supp. 22-3176(c)(1)(D). Even so, he contends the district court abused its discretion in revoking his probation because the decision was unreasonable.

When the State has established a probationer has violated the terms of probation, the decision to revoke is within the sound discretion of the district court, unless limited

by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Because Guillen-Sanchez stipulated to the probation violations, we only need to determine whether the district court's decision to revoke probation and impose a prison sentence was an abuse of discretion. See *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015). To find an abuse of discretion, the judicial action must be deemed arbitrary, fanciful, or unreasonable or be based on an error of law or error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Guillen-Sanchez bears the burden to show an abuse of discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Guillen-Sanchez concedes no statutory limitations apply to the district court's decision to revoke his probation. See K.S.A. 2016 Supp. 22-3716(c)(1)(D). And because he does not argue the district court made an error of fact or law, we only consider whether the district court's action was unreasonable.

Given his poor record on probation, Guillen-Sanchez has not shown the district court's action was unreasonable. As the district court noted, Guillen-Sanchez had three prior probation violations at the time of revocation. Each violation included findings of failures to report amongst many drug tests positive for methamphetamine and marijuana. At the time of revocation, Guillen-Sanchez had again failed to report—including a nearly full one-year period when his location was unknown—despite the district court's specific reminders that he continue to report to his probation officer. As such, it was not unreasonable for the district court to revoke Guillen-Sanchez' probation and order him to serve his original sentence.

Affirmed.